**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**The SCO GROUP, INC. *et. al.*,**<br><br>Debtors. | Chapter 11<br>Case No. 07-11337 (KG)<br>(Jointly Administered)<br><br>Hearing Date: August 23, 2010 at 3:00 PM<br>Objection Date: August 16, 2010 at 4:00 PM<br>Docket Entry No. 1141 |

**RESERVATION OF RIGHTS BY ORACLE AMERICA, INC. ("RIGHTS RESERVATION") REGARDING THE CHAPTER 11 TRUSTEE'S MOTION FOR ORDER A) AUTHORIZING THE MARKETING, AUCTION AND SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' SOFTWARE BUSINESS ASSETS CONSISTENT WITH FORM ASSET PURCHASE AGREEMENT AND FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; B) AUTHORIZING ASSUMPTION, ASSIGNMENT, AND SALE OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; C) APPROVING BIDDING PROCEDURES IN CONNECTION WITH AUCTION; D) ESTABLISHING SALE HEARING DATE AND E) GRANTING RELATED RELIEF ("SALE MOTION")**

Oracle America, Inc., successor-in-interest to Oracle USA, Inc. and Oracle Corporation ("Oracle"), by and through its undersigned counsel, submits this Rights Reservation, in connection with Debtors' Sale Motion, inclusive of its intentions regarding the assumption and assignment of certain executory contracts, to the extent they involve any Oracle agreements. In support of its Rights Reservation, Oracle states as follows:

1. Oracle is a contract counterparty of one or more of the Debtors.

2. In the Sale Motion, at paragraph 14, the Debtors harken back to a prior sale attempt to which Oracle objected and to which a resolution of its concerns had been achieved, in the event the sale was approved.

3. Similar concerns accompany the "new" Sale Motion, and without more information than that supplied in it, Oracle is unable to assess the impact on Oracle of the proposed assumption and assignments it contemplates.

4. If the Debtors contemplate assuming and assigning any Oracle agreements, the Sale Notice must be amended, or other information provided, in order to allow Oracle to identify with specificity any agreement or agreements contemplated for inclusion.

5. Since the objection deadline regarding the Sale Motion significantly precedes the Trustee's proposed date of October 15, 2010, to "identify executory contracts to be assumed and send cure notices" [Sale Motion; p. 7], Oracle files this Rights Reservation solely to ensure it may be heard on any proposed assumption and assignment of its agreements.

6. Oracle's license agreements involve the licensing of non-exclusive, patented software.

7. At this time, Oracle does not consent to any proposed assignment or transfer of use via the Sale Motion or otherwise, as any proposed assignments must be in compliance with the license terms.

8. Accordingly, Oracle reserves all rights regarding any intended assumption and assignment or usage under, or with respect to, any Oracle agreements.

9. The Sale Motion should be denied with respect to any transfer of Oracle agreements because adequate assurance has not been demonstrated.

10. Section 365(b) of the Bankruptcy Code sets forth specific prerequisites that must be met before a trustee/debtor can assume and assign an executory contract, including (a) curing (or providing adequate assurance of a prompt cure of) any defaults under the subject contracts, and (b) providing adequate assurance of future performance under the contract. Absent the foregoing, the executory contracts may not be assumed, or assumed and assigned.

11. Oracle cannot yet determine under the Sale Motion whether: a) the proposed assignee is capable of providing adequate assurance of future performance; b) the proposed use

can be compliant with the license terms; and c) the purchaser is willing to enter into a standard form of Oracle Assignment Agreement and related documents, reflecting the terms, post-assignment, of the parties' relationship.

12. Until at least the information identified above is provided, Oracle is unable to determine whether the Debtors have complied, or will comply, with the protections of section 365(b)(1)(C) and, therefore, Oracle reserves its rights to be heard regarding these issues.

13. Debtors must, at a minimum, (a) identify the contracts proposed for assumption with adequate specificity to allow Oracle to evaluate appropriately the proposal; and (b) provide adequate assurance of future performance.

14. For these reasons, and all those set forth above, Oracle respectfully requests that the Court deny, at this time, the Debtors' Sale Motion to the extent it includes any effort to seek assumption and assignment of Oracle agreements or to seek transitional, non-compliant use of any Oracle license, and Oracle reserves all rights to be heard on these issues as more information regarding the intended assumption and assignment scope becomes known.

Dated: August 16, 2010
       Wilmington, Delaware

Respectfully submitted,
**MARGOLIS EDELSTEIN**

    /s/James E. Huggett
James E. Huggett, Esquire (#3956)
750 Shipyard Drive, Suite 102
Wilmington, Delaware 19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119

**DAY PITNEY, LLP**
Amish R. Doshi (NY-AD5996)
7 Times Square, Times Square Tower
New York, New York 10036-7311
Telephone: (212) 297-5800
Facsimile: (212) 881-9019

**BUCHALTER NEMER P.C.**
Shawn M. Christianson (CSB #114707)
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

**ORACLE AMERICA, INC.**
Deborah Miller (CSB #95527)
Jeffrey Ross (CSB #138172)
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

*Attorneys for Oracle America, Inc.*