# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| The SCO GROUP, INC., *et al.*,[1] | : Case No. 07-11337 (KG) |
| | : (Jointly Administered) |
| Debtors. | : Re: D.I. 1141 |

## ORDER (1) AUTHORIZING THE MARKETING, AUCTION AND SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' SOFTWARE BUSINESS ASSETS CONSISTENT WITH FORM ASSET PURCHASE AGREEMENT AND FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (2) AUTHORIZING ASSUMPTION, ASSIGNMENT, AND SALE OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (3) APPROVING BIDDING PROCEDURES IN CONNECTION WITH AUCTION, (4) ESTABLISHING SALE HEARING DATE AND (5) GRANTING RELATED RELIEF

Upon the Motion (the "**Motion**") filed by Edward N. Cahn, Esq. (the "**Trustee**"), in his capacity as Chapter 11 Trustee for the above-captioned debtors n (collectively, the "**Debtors**") requesting entry of an order pursuant to Bankruptcy Code[2] sections 105, 363(b), (f), and (m), and 365 for, *inter alia,* entry of an order (this "**Sale Procedures Order**"): (1) authorizing the marketing, auction and sale of substantially all of the Debtors' software business assets (the "**Acquired Assets**") consistent with the terms of the form Asset Purchase Agreement, attached to the Motion as <u>Exhibit "1"</u> (the "**Form APA**"), free and clear of all liens, claims and encumbrances; (2) authorizing the assumption, assignment, and sale of certain executory contracts and unexpired leases; (3) approving bidding procedures (the "**Bidding Procedures**") in connection with an auction (the "**Auction**") of the Acquired Assets; (4) establishing a hearing

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) The SCO Group, Inc., a Delaware corporation, Fed. Tax Id. #2823; and (b) SCO Operations, Inc., a Delaware corporation, Fed. Tax Id. #7393.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

date for any transaction(s) resulting from the Auction (the "**Sale Hearing**") and (5) granting related relief; this Court, having reviewed the Motion and the objections thereto and having heard the statements of counsel and considered the evidence presented at a hearing before this Court on the Motion,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

A.   The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.   The Trustee filed the Motion on August 9, 2010, proposing to sell the Acquired Assets to a purchaser and seeking approval of the Bidding Procedures related to the proposed Transactions.

C.   The statutory and legal predicates for the relief sought in the Motion are Bankruptcy Code sections 105, 363, and 365.

D.   The Trustee has articulated good and sufficient reasons for approving the Bidding Procedures and the form and manner of notice of the Auction and the Sale Hearing.

E.   The Bidding Procedures are reasonable and appropriate, and represent the best method for maximizing the return for the Acquired Assets.

F.   The relief granted herein is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   The Motion is granted as set forth herein.

2. The Trustee is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary for the Debtors to implement and effect the terms and requirements of this Sale Procedures Order.

3. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Sale Procedures Order.

4. Notice of this Sale Procedures Order, Auction, Sale Hearing, and the proposed assumption and assignment of the Assigned Contracts (as defined in the Motion) to a purchaser pursuant to a Modified APA shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a) <u>Notice of Auction and Sale Hearing</u>. As soon as practicable after this Court's entry of this Sale Procedures Order, the Trustee (or his agents) shall serve a copy of this Sale Procedures Order by first-class United States mail, postage pre-paid, upon (i) the Office of the United States Trustee, (ii) counsel for the lenders under the Credit Agreement, (iii) any persons who have entered an appearance in the case or otherwise requested notice, (iv) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past twelve months (12) months, (v) all entities known to have a present interest in the Acquired Assets; (vi) all federal, state, and local regulatory or taxing authorities or recording offices which have a known interest in the relief requested by the Motion; (vii) all parties to executory contracts; (viii) all known unsecured creditors of the Debtors; and (ix) all persons or entities entitled to receive notice pursuant to the Bankruptcy Rules, the Local Rules of this Court, or other applicable law.

(b) <u>Cure Notice</u>. On or before October 15, 2010, the Debtors shall serve by

first-class United States Mail, postage pre-paid, on all non-debtor parties to the Assigned Contracts a copy of the Cure Notice of (i) the Debtors' intent to assume and assign that party's Assigned Contract, and (ii) the proposed cure amount (the "**Cure Amount**") that the Debtors propose as necessary to assume the Assigned Contract. Each non-debtor party to the Assigned Contract (each a "**Contract Party**" and collectively, the "**Contract Parties**") shall have until ten (10) days after the filing of a Cure Notice to object to the assumption and assignment of the Assigned Contract or the Cure Amount and, if objecting to the Cure Amount, must state in its objection with specificity what Cure Amount the non-debtor party believes is required (with appropriate documentation in support thereof). Any objection to the Cure Amounts which is timely filed and served by any Contract Parties in accordance with the Cure Notice, and which is not otherwise resolved by the parties, shall be heard by this Court at the Sale Hearing. If no objection is timely received, the Assigned Contract may be assumed and assigned to any purchaser on the closing date of the applicable Transaction, and the Cure Amount set forth in the Assumption Notice shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document, and the non-debtor party to the Assigned Contract shall be forever barred from asserting any other claims against the Debtors, any purchaser, or their property that arise out of or relate to the Assigned Contract, the Acquired Assets, or the Transaction. In addition to the foregoing, Contract Parties shall have until November 1, 2010 at 12:00 p.m. ET to object to the Assumption Notice **solely** on the grounds that they have not received adequate assurance with respect to their Assigned Contract(s).

5. Any final agreement purporting to memorialize an agreement for the disposition

of substantially all of the Debtors' Acquired Assets by and between the Debtors and the applicable purchaser, as the case may be, shall be substantially in the form of the related Modified APA and shall be substantially consistent with the terms and conditions thereof.

6. The Trustee is authorized to reject any bid or offer that, in the Trustee's sole discretion, is not in conformity with the terms and conditions of the Form APA.

7. This Court hereby approves the following Bidding Procedures which shall govern all proceedings relating to the Form APA and any subsequent bids for the Acquired Assets in this case:

    a. **Potential Bidder.** Parties interested in participating in the bidding process (a "**Potential Bidder**") will be required to deliver to the Trustee (to the extent not already delivered) the following:

        i. An executed confidentiality agreement in form and substance acceptable to the Trustee; and

        ii. The most current audited (if available) and the latest unaudited financial statements as well as financial information evidencing the Potential Bidder's ability to close the transaction that meets with the Trustee's satisfaction.

        As promptly as practicable after a Potential Bidder delivers the above information, the Potential Bidder shall be eligible to commence due diligence with respect to the assets as defined in the Form APA. The Trustee reserves the right to refuse any Potential Bidder access to the due diligence materials if such access is deemed to be harmful to the Debtors' estates.

    b. **Deadline for Submission of Bids.** The deadline for submitting any and all competing bids shall be on or before **October 5, 2010, at 5:00 p.m. (Prevailing Delaware Time)** (the "**Bid Deadline**").

    c. **Submission of Bids.** In order to qualify as a potential Qualified Bidder (as defined below) of any Acquired Assets, a Potential Bidder must timely submit a written bid (a "**Qualified Bid**") for a portion or all of the Acquired Assets that:

        i. Contains an executed asset purchase agreement in substantially the same form as set forth in Exhibit "1" to the Motion (such asset purchase agreement, as modified by the Potential Bidder,

hereinafter referred to as the "**Modified APA**"), wherein the Potential Bidder proposes:

    1.    Which of the Acquired Assets the Potential Bidder seeks to acquire; and

    2.    Which of the Debtors' executory contracts and unexpired leases such bidder seeks to assume and the proposed terms of cure.

ii.    The Modified APA shall be accompanied by a blacklined copy of the Form APA showing all changes made to the Form APA.

iii.    The Modified APA shall not contain:

    1.    A request for any type of expense reimbursement or similar type of payment; or

    2.    Any due diligence, financing contingencies, or other contingency of any kind.

iv.    Evidence of authorization and approval from such Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of the Modified APA.

v.    Information regarding such Potential Bidder's financial capability to consummate the transactions contemplated by the Modified APA containing such financial and other information that will allow the Trustee to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation:

    1.    The most current audited (if available) and latest unaudited financial statements (the "**Financial Information**") of such Potential Bidder; or

    2.    If the Potential Bidder is an entity formed for the purpose of acquiring Acquired Assets then:

        A.    The Financial Information of the equity holder(s) of the Potential Bidder or such other form of financial disclosure acceptable to the Trustee; and

        B.    The written commitment of such equity holder(s) to be responsible for the Potential Bidder's obligations

in connection with the acquisition of Acquired Assets.

vi. Discloses fully the identity of each entity that will be bidding for Acquired Assets or otherwise participating in connection with such Qualified Bid, and the complete terms of any such participation.

vii. Discloses fully the terms of the proposed employment of any of Debtors' employees, management, or officers in connection with such bid.

viii. Is accompanied by a cash deposit in an amount equal to 10% of the total purchase price set forth in the Modified APA (the "**Deposit**").

ix. Is delivered such that it is received by the close of business on the Bid Deadline by the following: (1) Bonnie Glantz Fatell, Esq., Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801; and (2) Bruce Comer and Mark Fisler, Ocean Park Advisors LLP, 6033 West Century Boulevard, Suite 1290, Los Angeles, CA 90045 (collectively, the "**Notice Parties**").

d. **Qualification of Bid.** After a Potential Bidder has delivered a bid, the Trustee will determine whether such Potential Bidder is a "**Qualified Bidder**" and such bid is a "**Qualified Bid.**" Promptly after making such determination, the Trustee will advise such bidder of this determination. The Trustee reserves the right to reject any bid in the Trustee's sole discretion, that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Form APA, (iii) unlikely to close the Transaction, or (iv) contrary to the best interest of the Debtors, its estates, and/or its creditors.

e. **Auction.** The Trustee will conduct an auction to determine the highest or best bid for the Acquired Assets beginning at <u>**10:00 a.m. (Prevailing Delaware Time) on October 25, 2010, at the law offices of Blank Rome LLP located at 1201 N. Market Street, Suite 800, Wilmington, DE 19801**</u>. The Auction may be adjourned by announcement of the adjournment at the Auction to those parties who appear at the Auction. Each Qualified Bid other than the opening bid is referred to as a "**Subsequent Bid.**" At the conclusion of the Auction, or as soon thereafter as practicable, the Trustee and his advisors shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the process, including those factors affecting the speed and certainty of consummating the Transactions; (ii) identify the highest or otherwise best offer(s) for each Acquired Asset received at the Auction (the "**Highest Bid**", and the bidder(s) making such bid, the "**Highest Bidder**"); and (iii) designate any Back-Up Bidders (as defined below).

f. **Auction Procedures.** The Auction will be conducted as follows:

   i. Only the Trustee, the Debtors, any secured lender of any Debtor, and any Qualified Bidder who has timely submitted a Qualified Bid (and the legal and financial advisers to each of the foregoing) may attend the Auction, and only Qualified Bidders may make any subsequent Qualified Bids at the Auction.

   ii. At least one (1) business day prior to the Auction, each Qualified Bidder who has submitted timely a Qualified Bid must inform the Trustee whether it intends to participate in the Auction. Failure to comply with this provision may preclude an otherwise Qualified Bidder from attending and/or participating in the Auction. As soon as is practicable before the Auction, the Trustee must provide copies of the Qualified Bid the Trustee believes is the highest or otherwise best offer to all Qualified Bidders who are eligible to attend and participate in the Auction.

   iii. All Qualified Bidders who have submitted a Qualified Bid shall be entitled to be present for all Subsequent Bids with the understanding that the true identity of each bidder shall be fully disclosed to all other bidders and that all material terms of each Subsequent Bids will be fully disclosed to all other bidders throughout the entire Auction.

   iv. All Qualified Bidders attending the Auction shall agree to remain ready, willing, and able to close a Transaction with respect to specific Acquired Assets under the terms of their last Qualified Bid submitted at such Auction as the back-up bidder (the "**Back-Up Bidder**" and such last bid, the "**Back-Up Bid**") until the earlier of (1) the close of the Transaction with respect to the specific Acquired Assets, or (2) December 15, 2010, and shall close if the Highest Bidder fails to close, if, as, and when determined by the Trustee to be the new Highest Bid.

   v. The Trustee may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order entered in connection herewith.

   vi. Bidding at the Auction shall begin with the highest or otherwise best Qualified Bid. The bidding shall be in minimum increments to be set by the Trustee at the Auction. The Auction shall continue in one or more rounds of bidding and shall conclude after each participating bidder has had the opportunity to submit one or more

additional Subsequent Bids with full knowledge and written confirmation of the then-existing highest bid or bids.

vii. The credit bid rights of any secured party shall be preserved in accordance with Bankruptcy Code section 363(k).

g. **Highest Bid**. The Trustee (a) shall determine, in his business judgment, which Qualified Bid is the Highest Bid, after considering, among other things, the total consideration to be received by the Debtors' estate with respect to any Acquired Assets after taking into account the payment of liabilities to be assumed by each bidder, (b) at the conclusion of the Auction, shall announce his determination as to the Highest Bidder submitting the Successful Bid with respect to any Acquired Assets, and (c) may reject, at any time before entry of a final order granting the relief sought in the Motion, any bid that, in the Trustee's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Form APA, (iii) unlikely to close the Transaction, or (iv) contrary to the best interest of the Debtors, its estates, and/or its creditors. All Contract Parties shall be given notice immediately after the Auction to inform them of the Highest Bidder.

h. **Sale Hearing**. A hearing to approve the Transactions will be held on **November 8, 2010, at 3:00 p.m. (Prevailing Delaware Time)** [handwritten: NOVEMBER 1]. All objections to any Transaction shall be filed with the Bankruptcy Court and served on the Notice Parties on or before ~~October 27,~~ **2010 at 5:00 p.m. (Prevailing Delaware Time)**. The Highest Bidder and any Back-Up Bidder(s) must produce a competent witness at the Sale Hearing (and any subsequent hearing) to provide testimony, if necessary, to establish adequate assurance of future performance by each such bidder under the unexpired leases and executory contracts to be assigned to such bidder, to the extent required by Bankruptcy Code sections 365(b). At the Sale Hearing, the Trustee will request that this Court approve each Transaction with regard to the Back-Up Bidder in the event the contemplated Transaction with the Highest Bidder does not timely close; in which case such Back-Up Bidder shall become the Highest Bid without further order of this Court.

i. **Closing**. Any closing of a Transaction shall take place on or before **November 30, 2010**, except upon the waiver of this requirement by the Trustee.

j. **Return of Deposits**. The Deposits of all Qualified Bidders shall be held in an interest-bearing escrow account. Notwithstanding the foregoing, the Deposit submitted by the Highest Bidder, together with interest accrued thereon, shall be applied against the payment of the Purchase Price upon closing of the Transaction with the Highest Bidder. Except as otherwise

provided in a Modified APA and herein, all Deposits (together with interest accrued thereon) shall be returned to each Qualified Bidder not selected by the Trustee as either the Highest Bidder or the Back-Up Bidder within five (5) business days of the adjournment of the Auction. The Deposit of the Back-Up Bidder, to the extent not designated as the Highest Bid, shall be returned to the Back-Up Bidder within five (5) business days following the date of closing the Transaction.

8. The failure of any objecting person or entity to timely file and serve its objection to the Motion, the Transactions, or the Debtors' consummation and performance of any Modified APA, including the assumption and assignment of certain executory contracts, on or before the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the Transactions, or the Debtors' consummation and performance of any Modified APA, including the assumption and assignment of certain executory contracts, if authorized by this Court.

9. The Trustee's proposed timeline to effectuate the Transactions, including hearings and deadlines other than the Sale Hearing, may be extended upon notice to parties in interest, as appropriate, but without a further order of this Court, subject to this Court's calendar.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: August 23, 2010

_____
UNITED STATES BANKRUPTCY JUDGE