IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The SCO GROUP, INC., et al., | ) | Case No. 07-11337(KG) |
| | ) | |
| Debtors. | ) | **Re Dkt No. 1141** |

## MEMORANDUM OPINION RE SALE MOTION

The Court held an evidentiary hearing on March 2, 2011, on the motion of the Chapter 11 Trustee for Debtors to authorize the sale of substantially all of Debtors' software product business assets (excluding certain specified assets) (the "Software Business") and related relief (the "Motion").[1] The necessity of an immediate ruling precludes a detailed recitation of the intricate and interesting history of Debtors' disputes, particularly with Novell, Inc. ("Novell"). The Court will therefore limit its discussion to only the critical facts and law.

The Court entered a sales procedure order on August 23, 2010 (D.I. 1161), pursuant to which the Trustee conducted an auction. unXis, Inc. ("unXis") was the successful bidder and agreed to pay $600,000 in cash and warrants. A second bidder submitted a bid of only $18 in cash. The Trustee seeks the Court's approval of the sale to unXis.

---

[1] The full title of the Motion is "Motion of the Chapter 11 Trustee for Order (1) Authorizing the Marketing, Auction and Sale of Substantially all of the Debtors' Software Business Assets Consistent with Form Asset Purchase Agreement and Free and Clear of Liens, Claims and Encumbrances, (2) Authorizing Assumption, Assignment, and Sale of Certain Executory Contracts and Unexpired Leases, (3) Approving Bidding Procedures in Connection with Auction, (4) Establishing Sale Hearing Date and (5) Granting Related Relief. (D.I. 1141).

The lone objector to the Motion, Novell, raises the following arguments:

1. In litigation between Debtors and Novell[2], it was determined that Debtors were licensees, not owners, of UNIX software copyrights. Therefore, if unXis is to operate the Software Business it is purchasing, Debtors must assume and assign the original asset purchase agreement (the "1995 APA") which provided Debtors with the license. Debtors must assume the entirety of the 1995 APA, the benefits and the burdens, and all of the contracts which constitute an integrated transaction. Before they can do so, Debtors must cure the breach of the 1995 APA by paying the $3 million owed Novell.

2. Any assumption and assignment requires Novell's consent.

3. The Trustee must provide adequate assurance of future performance.

The Trustee responds to the Novell arguments with the assertion that he is only selling what Debtors own. The Trustee cites findings of fact and conclusions of law ("F&C") and holdings of the District Court, which include the following:

    a. Novell sold Debtors the UnixWare business.

    b. Debtors had the right to license the UNIX technology.

    c. "the copyrights are not required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies. SCO did not acquire the entire UNIX business from Novell, but only acquired the UnixWare business while Novell retained substantial rights in the UNIX business. The undisputed evidence is that SCO did not need the UNIX and UnixWare copyrights in order to operate its UnixWare product business. Further, ownership of the copyrights in not required for SCO to protect its own code."

F&C ¶¶ 72, 79, 80, 123-130.

---

[2] The litigation between Debtors and Novell, Case No. 2:04-CV-13QTS, was pending in the United States District Court for the District of Utah (the "District Court" and the "District Court Action").

2

It is clear from the foregoing that the Trustee is trying to sell only the rights Debtors received in the 1995 APA, the development. unXis is therefore receiving only the rights that the District Court determined Debtors have -- nothing more and nothing less. Debtors have sublicensed the materials in the ordinary course of its business without Novell's permission or insistence that it had to give its permission, since 1995. Thus, Debtors are seeking authority to sell property of the estate. The Trustee concedes that if it does not own an asset, he is not selling it. Novell's consent is therefore not necessary. Moreover, the parties established a course of conduct precluding consent. Broderick Declaration.

The Court is also satisfied, contrary to Novell's argument, that the 1995 APA is not an executory contract requiring assumption, or an integrated transaction requiring assumption of all related contracts. *See In re Exide Techs.*, 340 B.R. 222, 229 (Bankr. D. Del. 2006), *aff'd*, 607 F.3d 957 (3d Cir. 2010). The Third Circuit Court of Appeals in *Exide* was very clear. "[U]nless both parties have unperformed obligations that would constitute a material breach if not performed, the contract is not executory under § 365." *In re Columbia Gas*, 50 F.3d 233, 239 (3d Cir. 1995). Novell does not have any unperformed obligations.

The Court understands Novell's desire to punish Debtors for years of expensive and painful litigation. Here Novell's objection to the Motion will not prevail. The Motion seeks the Court's approval of what the Court finds is an arm's length, fair and reasonable transaction in the good faith exercise of Debtors' business judgment. The Court will enter an Order granting the Motion.

Dated: March 7, 2011

KEVIN GROSS, U.S.B.J.

3