## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : |
| | : Chapter 7 |
| | : |
| TSG GROUP, INC., et al. | : Case No. 07-11337 (KG) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

## STATUS REPORT OF THE CHAPTER 7 TRUSTEE

Edward N. Cahn, the chapter 7 trustee (the "**Chapter 7 Trustee**") of the estates of TSG Group, Inc. and its affiliated debtor, hereby files this status report in the above-captioned chapter 7 cases:

1.     On September 14, 2007 (the "**Petition Date**"), the above-captioned debtors ("**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.     On August 25, 2009, this Court approved the appointment of Edward N. Cahn, Esquire as the Chapter 11 Trustee in these cases [D.I. 900].

3.     The Chapter 11 Trustee was appointed, in significant part, to evaluate the merit of and, as appropriate and necessary, oversee the prosecution of causes of action the Debtors' estates might assert against, among others, IBM and Novell, Inc.

4.     On March 7, 2011, this Court approved the sale of substantially all of the UNIX® system software product and related services business [D.I. 1141], which sale transaction closed on April 11, 2011.

5.     On August 24, 2012, this Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 [D.I. 1439].

6.      On August 28, 2012, this Court approved the appointment of Edward N. Cahn, Esquire as the Chapter 7 Trustee in these cases [D.I. 1443].

7.      The only remaining asset is a matter pending in the United States District Court for the District of Utah (the "**Utah District Court**"), styled as *The SCO Group, Inc. v. International Business Machines Corporation*, Civil No. 2:03-CV-00294-DN.

8.      On February 5 and February 8, 2016, the Utah District Court, *per* Judge David Nuffer, entered summary judgment in favor of IBM on SCO's remaining claims of unfair competition and competition interference.  [Utah District Court, D.I. 1159 & 1160].

9.      On January 2, 2018, a panel of the Tenth Circuit Court of Appeal ("**Tenth Circuit**") affirmed in part and reversed in part, affirming the grant of summary judgment on the tortious interference claims, but reversing the District Court's decision on the unfair competition claims relating to Project Monterey.  *SCO v. IBM*, 879 F.3d 1062 (10th Cir.).  (The panel issued its original decision reaching the same result on October 30, 2017, *see* 874 F.3d 1172, but vacated that decision and issued a superseding opinion after IBM petitioned for rehearing.)

10.      Specifically, regarding the unfair competition claims, the Tenth Circuit focused on SCO's allegations that IBM misappropriated SCO source code during Project Monterey for its own commercial advantage and exhibited bad faith in doing in pretending to support Project Monterey, having chosen to support Linux, and in releasing a sham version of the product in order to legitimize its use of SCO's code.  879 F.3d at 1076.  The Tenth Circuit held that these allegations constituted an independent tort, distinct from a breach of contract claim; that SCO had standing to pursue the claim; the claim was not barred by the statute of limitations; and that the claim was not preempted by federal copyright law.  *Id.* at 1076-80.  The Tenth Circuit reversed the district court's decision regarding the unfair competition claims and remanded for further proceedings.  *Id.* at

1086.

11.    On February 1, 2018, after receiving the mandate from the Tenth Circuit, the Utah District Court entered a docket order calling for a status report. [Utah District Court, D.I. 1177]. On February 16, 2018, the parties filed a joint status report, [Utah District Court, D.I. 1179], indicating that:

- SCO's only remaining claim was its unfair competition claim, which presented a fact question requiring trial in light of the Tenth Circuit's opinion;

- IBM had several counterclaims still pending against SCO that had not been addressed including a contract claim, claims relating to SCO's "Copying of IBM Code in Linux," and claims concerning "SCO's Campaign to Create Fear, Uncertainty and Doubt About IBM's Products and Services";

- SCO has two motions for summary judgment pending regarding IBM's counterclaims;

- IBM has one motion for summary judgment pending regarding liability as to one of its own counterclaims;

- The parties are exploring the extent to which it may be necessary to update expert disclosures, and one of SCO's damages expert will need to be replaced as she now works for a public organization and cannot serve as an expert;

- SCO seeks a trial schedule on its claims immediately, whereas IBM wishes to defer until after the court rules on the pending motions regarding the counterclaims;

- The parties request mediation after the court rules on the pending motions;

- The parties agree that the case should be ready for trial within six to eight months after the Utah District Court rules on the pending motions.

In the sixteen months since remand, the District Court has not entered any scheduling order or ruled on SCO's motion for summary judgment on IBM's counterclaims.


Dated:  April 29, 2019              By:      */s/ Stanley B. Tarr*

                                             Stanley B. Tarr (No. 5535)
                                             BLANK ROME LLP
                                             1201 N. Market Street, Suite 800
                                             Wilmington, DE 19801
                                             *Counsel to Edward N. Cahn,*
                                             *Chapter 7 Trustee*