**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TSG GROUP, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 07-11337 (BLS)<br><br>**Hearing Date: May 4, 2022 at 10:00 a.m. (ET)**<br>**Objections Due: April 8, 2022 at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET TO FIRST INTERIM FEE APPLICATION OF BOIES SCHILLER FLEXNER LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEABLE EXPENSES AS SPECIAL COUNSEL FOR THE DEBTORS' ESTATES FROM SEPTEMBER 14, 2007 TO NOVEMBER 15, 2021**

*Name of Applicant:*  Boies Schiller Flexner LLP

*Authorized to Provide*
*Professional Services to:*  TSG Group, Inc., and
                            SCO Operations, Inc.

*Date of Employment:*  Sept. 14, 2007

*Period for Which Compensation*
*and Reimbursement Is Sought:*  Sept. 14, 2007 to Nov. 15, 2021

*Amount of Compensation Sought*
*as Actual, Reasonable, and Necessary*:  $2,137,500.00

*Amount of Reimbursable Expenses Sought*
*as Actual, Reasonable, and Necessary:*  $208,253.51

*This is an*:  __X__ interim ____ final application.

**Summary of Hours Worked and Fees Incurred by Each Attorney
And Paraprofessional During the Application Period[1]**

| Attorney | Title | Total Hours Worked on IBM and Novell Cases | Average Hourly Rate | Total Fees Incurred on IBM and Novell Cases |
|---|---|---|---|---|
| Mauricio Gonzalez | Counsel | 5,124 Hours | 690 | $3,535,560.00 |
| Edward Normand | Partner | 4,143 Hours | 950 | $3,935,850.00 |
| Jason Cyrulnik | Partner | 2,478 Hours | 860 | $2,131,080.00 |
| Stuart Singer | Partner | 1,848 Hours | 1070 | $1,977,360.00 |
| Daniel Roseman | Staff Attorney | 1,492 Hours | 370 | $552,040.00 |
| Paul Fataruso | Associate | 507 Hours | 810 | $410,670.00 |
| Sashi Bach | Partner | 327 Hours | 870 | $284,490.00 |
| Peter Gwynne | Associate | 278 Hours | 730 | $202,940.00 |
| Kyle Roche | Associate | 147 Hours | 630 | $92,610.00 |
| William Harvey | Associate | 143 Hours | 770 | $110,110.00 |
| Lauren Fleischer Louis | Counsel | 137 Hours | 720 | $98,640.00 |
| William Dzurilla | Partner | 125 Hours | 860 | $107,500.00 |
| Ashanti Decker | Associate | 105 Hours | 560 | $58,800.00 |
| Susan Klock | Associate | 76 Hours | 540 | $41,040.00 |
| Sabria McElroy | Partner | 69 Hours | 770 | $53,130.00 |
| Benjamin Simler | Summer Associate | 54 Hours | 450 | $24,300.00 |
| Shanon Price | Associate | 48 hours | 700 | $33,600.00 |

---

[1] This application seeks contingency fee under Section 328(a), not reimbursement for these fees. The title for each attorney is their most recent title, and the amount of fees incurred is based on each attorneys' most recent hourly rate, less ten percent.

| Attorney | Title | Total Hours Worked on IBM and Novell Cases | Average Hourly Rate | Total Fees Incurred on IBM and Novell Cases |
|---|---|---|---|---|
| Eli Rosenbluh | Associate | 25 Hours | 590 | $14,750.00 |
| Justin Arborn | Staff Attorney | 19 Hours | 700 | $13,300.00 |
| Jonathan Pollard | Associate | 15 Hours | 560 | $8,400.00 |
| James Ostaszewski | Associate | 14 Hours | 630 | $8,820.00 |
| Stephen Zack | Partner | 12 Hours | 1220 | $14,640.00 |
| Nathan Holcomb | Counsel | 9 Hours | 800 | $7,200.00 |
| Roland Smith | Paralegal | 4 Hours | 180 | $720.00 |
| Richard Pocker | Partner | 3 Hours | 960 | $2,880.00 |
| Natasha Saputo | Associate | 1 Hour | 560 | $560.00 |

**Summary of Reimbursable Expenses Incurred During the Application Period**

| Expense Category | Total Expenses |
|---|---|
| Document reproduction and management costs (e.g., photocopies, vendor) | $159,851.40 |
| Mediation services (Debevoise & Plimpton LLP) | $19,277.56 |
| Court Fees and Transcript Costs | $7,884.85 |
| Expert (Marc Rochkind) | $5,850.00 |
| Total | **$208,253.51** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TSG GROUP, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 07-11337 (BLS)<br><br>**Hearing Date: May 4, 2022 at 10:00 a.m. (ET)**<br>**Objections Due: April 8, 2022 at 4:00 p.m. (ET)** |

**INTERIM FEE APPLICATION OF BOIES SCHILLER FLEXNER LLP**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEABLE**
**EXPENSES AS SPECIAL COUNSEL FOR THE DEBTORS'**
**ESTATES FROM SEPTEMBER 14, 2007 TO NOVEMBER 15, 2021**

By this application (the "Application"), pursuant to 11 U.S.C. §§ 328 and 330 as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), Boies Schiller Flexner LLP ("BSF") seeks interim allowance and approval of reasonable compensation for professional services rendered as special litigation counsel to the above-captioned Debtors' estates, in the amount of $2,137,500.00, together with actual and necessary expenses incurred in the amount of $208,253.51 for the period commencing September 14, 2007 through and including November 15, 2021(the "Application Period") and entry of the Proposed Order attached hereto as **Exhibit A**. In support of its Application, BSF respectfully represents as follows:

**INTRODUCTION**

1. BSF pursued highly contentious claims on behalf of the Debtors against International Business Machines Corporation ("IBM") and Novell, Inc. ("Novell"). This representation involved an extensive investigation into complex facts, including significant document review, witness

4

interviews and depositions, expert reports and depositions, factual research, summary judgment briefing, two trials, participation in various mediation sessions, and follow-up negotiations.

2. Ultimately, BSF's efforts resulted in a settlement that provided for a $14,250,000.00 cash payment to the Debtors' estates ("Settlement Amount").

3. BSF agreed to represent the Debtors' estates on a contingency-fee basis (as amended, the "Amended Fee Structure") [D.I. 941], which was approved by the Court on November 20, 2009 in its Order Authorizing Modification of Boies, Schiller and Flexner LLP Retention Order [D.I. 970] (the "Authorization Order") under 11 U.S.C. § 327(e) and § 330(a).[2] The Amended Fee Structure is set forth in the October 31, 2004 Engagement Letter (the "Agreement"), as revised in the July 31, 2009 Engagement/Retention Agreement (the "Revised Agreement"), which are attached hereto as **Exhibits B and C**, respectively. BSF requests allowance and payment of its fees and allowance of its reimbursable expenses related to that matter as set forth herein.

4. With respect to fees, this application is seeking only the fifteen (15) percent contingency fee award that is provided in BSF's Revised Agreement, which amounts to $2,137,500.00. As shown in the above fee summary and attached detailed attorneys' fees statement (**Exhibit D**), the value of the legal services provided far exceeds the requested fee award.

## BACKGROUND

5. On March 6, 2003, the Debtors commenced an action against IBM in the United States District Court for the District of Utah (the "Utah District Court") styled as *The SCO Group, Inc. v. International Business Machines Corporation*, Civil No. 2:03-CV-00294-DN (the "Utah Litigation"), alleging among other things that (1) IBM breached contracts relating to joint

---

[2] This Authorization Order [D.I. 970] revised an earlier order [D.I. 269] approving the Debtors' application to employ BSF as special litigation counsel [D.I. 115].

development (known as Project Monterey) of Unix-based operating system by improperly disclosing the Debtors' proprietary Unix source code and methods to contribute to Linux, an open-source variant of Unix, and developing IBM's own version of Unix known as "AIX," that (2) IBM's breaches of the Project Monterey agreements and post-termination actions infringed the Debtors' copyrights on Unix and UnixWare, and that (3) IBM engaged in unfair competition by attempting to destroy the economic value of Unix and the Debtors' ownership rights therein.

6. In response to and as part of the Utah Litigation, IBM denied the Debtors' claims and asserted various counterclaims against the Debtors (the "Counterclaims"), including among other things breach of contract and unfair competition claims.

7. On September 14, 2007, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Cases") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

8. On August 25, 2009, the Office of the United States Trustee ("US Trustee") filed its Notice of Appointment of Edward N. Cahn, Esquire as Chapter 11 Trustee [D.I. 898] and, on the same day, the Bankruptcy Court entered an Order Approving Appointment of Chapter 11 Trustee [D.I. 900].

9. On January 19, 2011, the Debtors submitted to the Bankruptcy Court an Asset Purchase Agreement [D.I. 1216-1] to sell substantially all of the Debtors' software business assets to unXis, Inc while retaining, among other things, causes of action and other legal or equitable rights and remedies relating to (1) all rights and interests in all litigation claims pending or that may be asserted in the future against IBM and (2) any allegations against Red Hat, Inc. ("Red Hat") or others that Linux violates SCO's Unix or Unixware intellectual property, contract or other rights.

10. On March 7, 2011, the Bankruptcy Court entered an order approving the Asset Purchase Agreement, finding the terms therein to be "fair and reasonable" and "valid, binding, and enforceable" [D.I. 1253].

11. On February 16, 2012, the Bankruptcy Court entered the *Order Granting Stipulation and Order Modifying the Automatic* Stay [D.I. 1396], which among other things allowed the Utah Litigation to recommence in the Utah District Court.

12. On August 24, 2012, the Bankruptcy Court entered an order converting the Debtors' Chapter 11 cases to cases under chapter 7 [D.I. 1439].

13. On August 28, 2012, the Bankruptcy Court appointed the Trustee for the purpose of overseeing and administering the Debtors' Chapter 7 bankruptcy estates [D.I. 1443].

14. On February 5 and February 8, 2016, the Utah District Court, *per* Judge David Nuffer, entered summary judgment ("Summary Judgment") in favor of IBM on the Debtors' remaining claims of unfair competition and tortious interference [Utah District Court, D.I. 1159 & 1160].

15. On January 2, 2018, a panel of the Tenth Circuit Court of Appeal ("Tenth Circuit") affirmed in part and reversed in part the Utah District Court's Summary Judgment, returning to Utah District Court for trial the claim for unfair competition.

16. On October 14, 2021, the Bankruptcy Court approved a Settlement Agreement between the Debtors' estates and IBM [D.I. 1535] ("Settlement Agreement").

17. On or about November 3, 2021, IBM paid the Settlement Amount to the Debtors' estates.

18. On November 5, 2021, the Utah District Court entered the Stipulated Dismissal of All Claims with Prejudice in the Utah Litigation [Utah District Court D.I. 1182].

**RELIEF REQUESTED**

19.     By this Motion, pursuant to Bankruptcy Code section 328(a), Bankruptcy Rule 2016 and Local Rule 2016-2, BSF seeks the Court's approval and allowance of reasonable compensation on account of a contingency fee in the amount of $2,137,500.00, together with actual and necessary expenses incurred in the amount of $208,253.51 related to BSF's work as special litigation counsel to the Debtors.

**A.     Allowance of Contingency Fee Under 11 U.S.C. § 328(a)**

20.     Under the Amended Fee Structure, BSF is entitled to receive a contingency fee of 15% of the amount of any Litigation Recovery[3] until the aggregate Litigation Recoveries exceed the sum of $100 million. *See* Revised Agreement, Exhibit C.

21.     With respect to the $14,250,000.00 Settlement Amount under the Settlement Agreement, BSF seeks approval and allowance of a contingency fee in the amount of $2,137,500.00,

---

[3] "Litigation Recovery" is defined in the Agreement, which is incorporated by reference in the Revised Agreement, as
> any recovery by SCO or its shareholders of monetary or non-monetary benefits including, without limitation, from (i) the SCO Litigation [defined as "the current litigation between SCO and International Business Machines Corporation ("IBM"), Novell, Inc., Red Hat, Inc., AutoZone, Inc. and DaimlerChrysler, Inc., including all related pending counterclaims and all related counterclaims that may be asserted in the future, all appeals in respect of such litigation and all corporate work, if any, directly related to the foregoing"], (ii) any settlement of claims in the SCO Litigation, (iii) any agreement or transaction in connection with, or in lieu of, settlement of claims in the SCO Litigation and (iv) any licensing or other transaction related to SCO's intellectual property other than any licensing or other transaction entered into in the ordinary course of business with SCO's customers for their UNIX systems.

Exh. B at 2.

which is calculated in accordance with the Amended Fee Structure as 15% of the $14,250,000.00 consideration received by the Debtors' estates.[4]

22.     Section 328(a) explicitly authorizes contingency fee engagements.[5]  Moreover, once a court has approved a contingency fee engagement under section 328(a), the terms and conditions of that engagement cannot be changed, unless they are found "to have been improvident in light of developments not capable of being anticipated at the time" of the engagement.[6]  BSF is not aware of any such unanticipated developments that would render its contingency fee arrangement to be improvident.

23.     The amount sought far exceeds the value of the legal services provided by BSF, which are set forth in BSF's detailed attorneys' fees statement in **Exhibit D**.

**B.     Reimbursable Expenses Under 11 U.S.C. § 330**

24.     BSF seeks interim approval of actual and necessary expenses incurred in the amount of $208,253.51 pursuant to 11 U.S.C. § 330. BSF advanced expenses incurred as special litigation

---

[4] Pursuant to the Amended Fee Structure and other agreements, BSF will be sharing a portion of the contingency fee with certain other professionals BSF retained in connection with prosecuting the action in the Utah District Court.

[5] 11 U.S.C. § 328(a) ("The trustee . . . with the court's approval, may employ a professional person . . . on any reasonable terms and conditions of employment, including . . . on a contingent fee basis.").

[6] *Id.*; *see also In re Federal Mogul-Global Inc.*, 348 F.3d 390, 397 (3d Cir. 2003) ("But when a Bankruptcy Court has 'fix[ed] . . . terms and conditions' of employment on an application to employ that was approved, the Court may allow compensation on different terms or conditions only if the court's initial approval 'prove[s] to have been improvident in light of developments not capable of being anticipated at the time' of approval.").

counsel to the Debtors' estates and is seeking reimbursement of such expenses from the Debtors' estates.[7] BSF has incurred the following categories of out-of-pocket expenses:

| EXPENSE | AMOUNT | EXHIBITS |
|---|---|---|
| Document management costs (e.g., photocopies, vendor) | $159,851.40[8] | **Exhibit E** (summary and detailed itemized list of each expense incurred in each case) |
| Mediation services (Debevoise & Plimpton LLP) | $19,277.56 | **Exhibit F** (detailed invoice) |
| Transcripts and court reporting charges | $23,274.55[9] | **Exhibit G** (detailed itemized list of each expense incurred in each case) |
| Expert (Marc Rochkind) | $5,850.00 | **Exhibit H** (detailed invoice and check copy) |
| Total | **$208,253.51** | |

25. BSF confirms that the above-listed costs and expenses are reasonable and that BSF conferred with the Trustee with respect to such costs and expenses.

26. Accordingly, BSF requests interim approval of actual and necessary expenses incurred in the amount of $208,253.51 pursuant to 11 U.S.C. § 330.

### CERTIFICATION AND NOTICE

27. BSF has reviewed the requirements of Local Rule 2016-2, and certifies that this Application and its attached exhibits comply with Local Rule 2016-2. BSF further certifies that this

---

[7] Expenses advanced by the Debtors were fully utilized prior to the Bankruptcy, and none of the expenses sought in this Motion were reimbursed by the Debtors.

Application has been served on (a) the Office of United States Trustee for the District of Delaware; (b) counsel to the Trustee; (c) the DIP financing lenders; and (d) all parties entitled to notice under Federal Rule of Bankruptcy Procedure 2002. BSF submits, in light of the nature of the relief requested, no further notice is necessary or required.

28. No prior request for the relief requested in this Motion has been made to this Court or to any other court.

29. BSF submits this Motion does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above, and, accordingly, submit no separate memorandum of law is necessary.

## **CONCLUSION**

WHEREFORE, BSF respectfully requests that the Court enter the Proposed Order attached hereto as Exhibit A to this Application (i) approving and allowing $2,137,500.00 in compensation, as well as $208,253.51 for actual and necessary expenses, related to professional services rendered by BSF as special litigation counsel to the Debtors during the Application Period; and (ii) granting BSF such other and further relief as the Court deems appropriate under the circumstances

Dated: March 25, 2022
/s/ Stuart Singer
Stuart H. Singer
BOIES SCHILLER FLEXNER LLP
401 East Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
ssinger@bsfllp.com

*Special Litigation Counsel to the Chapter 7 Trustee*